O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **CARLOS ROMERO,** | ) NO. EDCV 10-01913-MAN |
| Plaintiff, | ) |
| | ) MEMORANDUM OPINION |
| v. | ) |
| | ) AND ORDER |
| **MICHAEL J. ASTRUE,** | ) |
| **Commissioner of Social Security,** | ) |
| | ) |
| Defendant. | ) |

Plaintiff filed a Complaint on March 29, 2010, seeking review of the denial by the Social Security Commissioner (the "Commissioner") of plaintiff's application for social security income ("SSI").[1] On April 21, 2010, the parties consented, pursuant to 28 U.S.C. § 636(c), to proceed before the undersigned United States Magistrate Judge. The parties filed a Joint Stipulation on December 1, 2010, in which:

---

[1] Plaintiff's Complaint seeks review of not only the Commissioner's decision denying SSI but also the Commissioner's purported decision denying plaintiff's application for a period of disability and disability insurance benefits ("DIB"). Although, the Commissioner denied plaintiff's application for SSI, it appears that plaintiff did not apply for a period of disability or DIB. Further, plaintiff's Joint Stipulation only seeks review of the Commissioner's decision denying plaintiff's application for SSI. Accordingly, the Court limits its review to the Commissioner's denial of plaintiff's application for SSI.

plaintiff seeks an order reversing the Commissioner's decision and remanding this case for the payment of benefits or, alternatively, for further administrative proceedings; and defendant requests that the Commissioner's decision be affirmed or, alternatively, remanded for further administrative proceedings.  The Court has taken the parties' Joint Stipulation under submission without oral argument.

**SUMMARY OF ADMINISTRATIVE PROCEEDINGS**

Plaintiff filed an application for SSI on May 9, 2007. (Administrative Record ("A.R.") 110-16.)  Plaintiff claims to have been disabled since May 1, 2007, due to psoriasis, psoriatic arthritis, osteoporosis, bodily pains, dermatitis, fatigue, hypertension, high blood pressure, mental health problems, depression, obsessive-compulsive disorder (OCD), anxiety, and problems concentrating.  (A.R. 9, 51, 73-74, 110, 134.)  Plaintiff has past relevant work experience as a construction worker, delivery truck driver, and assembler.  (A.R. 17, 142-48.)

After the Commissioner denied plaintiff's claim initially and upon reconsideration (A.R. 74-78, 80-84), plaintiff requested a hearing (A.R. 87, 90-99). On September 21, 2009, plaintiff, who was represented by counsel, appeared and testified at a hearing before Administrative Law Judge Elizabeth R. Lishner (the "ALJ").  (A.R. 43-70.)  Vocational expert Gregory S. Jones also testified.  (*Id.*)  On October 6, 2009, the ALJ denied plaintiff's claim (A.R. 9-19), and the Appeals Council subsequently denied plaintiff's request for review of the ALJ's decision (A.R. 1-3).  That decision is now at issue in this action

2

**SUMMARY OF ADMINISTRATIVE DECISION**

The ALJ found that plaintiff has not engaged in substantial gainful activity since May 9, 2007, the date of plaintiff's application for SSI. (A.R. 11.) The ALJ determined that plaintiff has the following severe impairments: psoriasis, psoriatic arthritis, and osteoporosis. (*Id.*) The ALJ also determined that plaintiff does not have an impairment or combination of impairments that meets or equals in severity any impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. §§ 416.920(d), 416.925, and 416.926). (A.R. 14-15.)

After reviewing the record, the ALJ determined that plaintiff has the residual functional capacity ("RFC") to perform "'light' work as defined in 20 C.F.R. § 416.967(b)." (A.R. 15.) The ALJ limited plaintiff, however, "to standing and/or walking no more than 2 hours total per 8-hour workday (but must be able to get up at will); sitting 6 hours total per 8-hour workday; no crouching, climbing ladders, ropes or scaffolds; and occasional stooping and stair climbing." (*Id.*)

The ALJ concluded that plaintiff is unable to perform his past relevant work. (A.R. 17.) However, having considered plaintiff's age, education, work experience, RFC, as well as the testimony of the vocational expert, the ALJ found that jobs exist in the national economy that plaintiff can perform, including that of bench assembler. (A.R. 18.) Accordingly, the ALJ concluded that plaintiff has not been disabled within the meaning of the Social Security Act since May 9, 2007, the date plaintiff filed his application. (A.R. 9, 19.)

**STANDARD OF REVIEW**

Under 42 U.S.C. § 405(g), this Court reviews the Commissioner's decision to determine whether it is free from legal error and supported by substantial evidence in the record as a whole. Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007). Substantial evidence is "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Id.* (citation omitted). The "evidence must be more than a mere scintilla but not necessarily a preponderance." Connett v. Barnhart, 340 F.3d 871, 873 (9th Cir. 2003). "While inferences from the record can constitute substantial evidence, only those 'reasonably drawn from the record' will suffice." Widmark v. Barnhart, 454 F.3d 1063, 1066 (9th Cir. 2006)(citation omitted).

Although this Court cannot substitute its discretion for that of the Commissioner, the Court nonetheless must review the record as a whole, "weighing both the evidence that supports and the evidence that detracts from the [Commissioner's] conclusion." Desrosiers v. Sec'y of Health and Hum. Servs., 846 F.2d 573, 576 (9th Cir. 1988); *see also* Jones v. Heckler, 760 F.2d 993, 995 (9th Cir. 1985). "The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and for resolving ambiguities." Andrews v. Shalala, 53 F.3d 1035, 1039 (9th Cir. 1995).

The Court will uphold the Commissioner's decision when the evidence is susceptible to more than one rational interpretation. Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005). However, the Court may review only the reasons stated by the ALJ in his decision "and may not

affirm the ALJ on a ground upon which he did not rely." Orn, 495 F.3d at 630; *see also* Connett, 340 F.3d at 874.  The Court will not reverse the Commissioner's decision if it is based on harmless error, which exists only when it is "clear from the record that an ALJ's error was 'inconsequential to the ultimate nondisability determination.'" Robbins v. Soc. Sec. Admin., 466 F.3d 880, 885 (9th Cir. 2006)(*quoting* Stout v. Comm'r, 454 F.3d 1050, 1055 (9th Cir. 2006)); *see also* Burch, 400 F.3d at 679.

**DISCUSSION**

Plaintiff makes the following claims:  (1) the ALJ did not properly consider the opinion of the physician assistant who assessed plaintiff; (2) the ALJ did not properly assess plaintiff's RFC; and (3) the ALJ did not pose a complete hypothetical question to the vocational expert. (Joint Stip. at 2-3.)  The Court will address plaintiff's first and second claims together.

**I.   The ALJ Did Not Properly Consider The Opinion Of Physician Assistant Cheridah Seely Regarding Plaintiff's Absenteeism.**

Pursuant to 20 C.F.R. § 416.913(d), an ALJ may use information from non-acceptable medical sources, such as physician assistants, "to show the severity of [claimant's] impairment(s) and how it affects [claimant's] ability to work."  *See* Social Security Ruling ("SSR") 06-03p, 2006 SSR Lexis 5, at *8 (noting that "[o]pinions from [non-acceptable medical sources] . . . are important and should be evaluated on key issues such as impairment severity and functional effects, along

with the other relevant evidence in the file"). "With the growth of managed health care in recent years and the emphasis on containing medical costs, medical sources who are not 'acceptable medical sources,' such as . . . physician assistants . . . , have increasingly assumed a greater percentage of the treatment and evaluation functions previously handled primarily by physicians and psychologists." *Id.* Accordingly, while opinions from physician assistants may be given less weight than those from acceptable medical sources, a disability "adjudicator generally should explain the weight given to opinions from these 'other sources,' or otherwise ensure that the discussion of the evidence in the determination or decision allows a claimant or subsequent reviewer to follow the adjudicator's reasoning, when such opinions may have an effect on the outcome of the case." *Id.* at *15-*16.

In determining plaintiff's RFC, the ALJ gave "significant weight" to the opinions of the State Agency's medical consultant and physician assistant Cheridah Seely ("PA Seely"). (A.R. 17.) The ALJ "limit[ed]" her reliance on PA Seely's opinion,[2] however, to the extent that opinion was "inconsistent with [plaintiff's] testimony at the hearing" regarding "the amount of time [plaintiff] can sit/stand before needing to move around." (*Id.*)

Curiously, although the ALJ gave "significant weight" to PA Seely's opinion and specifically delineated the portion of the opinion with

---

[2] In her decision, the ALJ limited her reliance on the opinion of an "unidentified doctor" to the extent that opinion was inconsistent with plaintiff's testimony at the hearing. However, plaintiff and defendant contend, and the Court agrees, that the opinion the ALJ understood to be that of an "unidentified doctor" is actually that of PA Seely. (*See* Joint Stip. at 6, 11.)

6

which she did not agree, the ALJ failed to discuss PA Seely's opinion regarding plaintiff's need to be absent from work three to four days a month.³  While it is true that an ALJ need not specifically reject or accept the opinion of a physician assistant,⁴ having elected to give PA Seely's opinion "significant weight," the ALJ should discuss what weight, if any, she gave, in determining plaintiff's RFC, to PA Seely's opinion regarding plaintiff's likely absenteeism from work.  Without any comment from the ALJ regarding the absenteeism issue, it is impossible for the Court to determine whether the ALJ rejected or simply ignored that portion of the physician assistant's opinion.⁵  *See, e.g.*, <u>Fernandez v. Astrue</u>, 2010 U.S. Dist. LEXIS 44831, at *12 (C.D. Cal. May 7,

---

   ³    In a treatment note dated August 27, 2009, PA Seely opined that plaintiff would be absent from work more than three times a month due to his impairments or treatment.  (A.R. 374.) In another treatment note dated August 27, 2009, PA Seely opined that plaintiff would be absent from work more than four days per month due to his impairments or treatment.  (A.R. 380.)

   ⁴    *See, e.g.,* <u>Bunnell v. Sullivan</u>, 912 F.2d 1149, 1152 (9th Cir. 1990)(noting that while plaintiff "is free to offer . . . evidence [from a non-acceptable medical sources] to help the [Commissioner] understand his inability to work, . . . there is no requirement that the [Commissioner] accept or specifically refute such evidence").

   ⁵    Defendant contends that the ALJ properly rejected PA Seely's opinion regarding plaintiff's absenteeism, because Dr. Jeremy Anuntiyo, M.D., and Dr. L.V. Alonso, M.D., "indicated that [p]laintiff was doing well with medication" and allegedly "opined that [p]laintiff would not have excessive work absences due to his condition."  (Joint Stip. at 12.)  In her decision, the ALJ stated that her RFC assessment was supported by the doctors' opinions regarding the effectiveness of medication in controlling plaintiff's joint pain and swelling. However, there is no indication, as defendant suggests, that the ALJ's statement was an attempt to reject PA Seely's opinion regarding plaintiff's absenteeism.  Indeed, a close review of the medical records cited by defendant reveals that, contrary to defendant's representation, Drs. Anuntiyo and Alonso gave no opinion -- either positive or negative -- regarding plaintiff's need to be absent from work.  In fact, while Dr. Alonso opined that plaintiff can perform light work, he also noted that plaintiff will "have episodes of occasional malaise and gastrointestinal discomfort" due to his medications.  (A.R. 270.)  Accordingly, defendant's contention is without merit.

7

2010)(remanding matter to the ALJ for clarification of his RFC assessment when the ALJ "generally adopted" opinion of plaintiff's doctor, but failed to incorporate all of the doctor's restrictions). Accordingly, remand is appropriate.[6]

**II.  The ALJ Must Review And Reconsider The Hypothetical Question Posed To The Vocational Expert.**

Because the ALJ needs to deal on remand with the issue of plaintiff's potential absenteeism from work, the Court does not reach plaintiff's third claim, *to wit*, that the ALJ failed to pose a complete hypothetical question to the vocational expert.  If, after properly addressing the opinion of PA Seely regarding plaintiff's likely absenteeism, the ALJ determines that reassessment of plaintiff's RFC is appropriate, then additional testimony from a vocational expert likely will be required to determine whether plaintiff can perform work other than his past relevant work.

**III. Remand Is Required.**

The decision whether to remand for further proceedings or order an immediate award of benefits is within the district court's discretion.

---

[6] Plaintiff relies on Benton ex rel. Benton v. Barnhart, 331 F.3d 1030 (9th Cir. 2003), and claims that PA Seely should be considered a "treating source," because she worked with the physicians at Sylmar Medical Center and "it is reasonable to conclude that [she] was working as [part of a team] headed by a physician." (Joint Stip. at 8.)  While PA Seely presumably worked with physicians, plaintiff points to no *evidence* to support the contention that she worked as part of a team so that her opinion should qualify as that of a treating source. Accordingly, plaintiff's contention cannot be accepted based on the record before the Court.

8

1 Harman v. Apfel, 211 F.3d 1172, 1175-78 (9th Cir. 2000).  Where no
2 useful purpose would be served by further administrative proceedings, or
3 where the record has been fully developed, it is appropriate to exercise
4 this discretion to direct an immediate award of benefits.  *Id.* at 1179
5 ("[T]he decision of whether to remand for further proceedings turns upon
6 the likely utility of such proceedings.").  However, where there are
7 outstanding issues that must be resolved before a determination of
8 disability can be made, and it is not clear from the record that the ALJ
9 would be required to find the claimant disabled if all the evidence were
10 properly evaluated, remand is appropriate.  *Id.* at 1179-81.

12    Remand is the appropriate remedy to allow the ALJ the opportunity
13 to remedy her failure to address the absenteeism issue and, if necessary
14 thereafter, to obtain further testimony from a vocational expert.  *See,*
15 *e.g.,* Benecke v. Barnhart, 379 F.3d 587, 593 (9th Cir. 2004)(remand for
16 further proceedings is appropriate if enhancement of the record would be
17 useful); McAllister v. Sullivan, 888 F.2d 599, 603 (9th Cir. 1989)
18 (remand appropriate to remedy defects in the record).
19 ///
20 ///
21 ///
22 ///
23 ///
24 ///
25 ///
26 ///
27 ///

**CONCLUSION**

Accordingly, for the reasons stated above, IT IS ORDERED that the decision of the Commissioner is REVERSED, and this case is REMANDED for further proceedings consistent with this Memorandum Opinion and Order.

IT IS FURTHER ORDERED that the Clerk of the Court shall serve copies of this Memorandum Opinion and Order and the Judgment on counsel for plaintiff and for defendant.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED: April 8, 2011

_____
MARGARET A. NAGLE
UNITED STATES MAGISTRATE JUDGE